**Daniel L. and Ingrid N. CARROLL, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 00–4197.

United States Court of Appeals, Second Circuit.

Nov. 15, 2001.

---

David G. Ebert, Ingram, Yuzek, Gainen, Carroll & Bertolotti, LLP, New York, NY, for appellants.

Marion E.M. Erickson, Tax Division, Department of Justice, Washington, DC, for appellee.

Present FEINBERG, OAKES, PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the Tax Court be and it hereby is AFFIRMED.

This case principally involves a dispute over whether Appellants–Petitioners Daniel L. and Ingrid N. Carroll's investment in the Sentinel EPE recycler leasing program entered into through the Clearwater Group partnership was a bona fide investment or simply a sham aimed at producing tax benefits. The United States Tax Court (Howard Dawson, J.) ruled that the investment was a sham and that the petitioners were not entitled to claimed partnership losses and investment and energy credits. Consequently, the court held petitioners liable for a deficiency with respect to their Federal income tax for 1981, for additions to tax under I.R.C. § 6653(a)(1) and (2) for negligence or intentional disregard of rules or regulations, for the addition to tax under I.R.C. § 6659 for an underpayment of tax attributable to a valuation overstatement, and for additional interest under I.R.C. § 6621(c). We affirm.

We reject Appellants' argument that the Tax Court denied them due process by improperly relying on the record and conclusions in *Provizer v. Commissioner*, T.C. Memo.1992–177, *aff'd. per curiam without published opinion* 996 F.2d 1216 (6th Cir. 1993). This claim borders on frivolous.

We also reject Appellants' challenge to the Tax Court's determination that the Clearwater investment program constituted an economic sham as well as Appellants' argument that the Tax Court improperly focused on the value of the machines rather than the possibility of profit.[1] We also reject Appellants' challenge to the Tax Court's ruling that they were liable for the increased interest rate pursuant to I.R.C. § 6621(c). Ultimately, the Tax Court found that based on the evidence before it, the Clearwater investment was tax motivated. We fail to see clear error and therefore defer to the Tax Court's factual findings.

Finally, we affirm the Tax Court's negligence determination, as it was not clearly erroneous. *See Goldman v. Commissioner*, 39 F.3d 402, 406 (2d Cir.1994).

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

1. A comparison of the Sentinel EPE machine's fair market value (no more than $50,000) and the price "paid" ($1,162,667 price per machine) alone is a strong indication of the lack of economic substance.